UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FRANK M. BARNEY, Individually and as Administrator of the Estate of SONCERA KIMBERLY BARNEY, </br></br>Plaintiffs,</br></br>v.</br></br>GREGORY T. PETERS, M.D.; REAL RADIOLOGY, LLC, JOHN DOES 1-5; and JOHN DOES, INC.'S 1-5,</br></br>Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)  CV420-173</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

# ORDER

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). Therefore, "[j]udicial records are open to the public, and for good reason—access to judicial proceedings is crucial to our tradition and history, as well as to continued public confidence in our system of justice." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1358-59 (11th Cir. 2021). Plaintiff seeks to close certain filings to the public—specifically, two

1

exhibits to his response to Defendant Real Radiology, LLC's Motion for Summary Judgment. *See* doc. 97.

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "The common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245. The Eleventh Circuit recently reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with

pretrial motions that require judicial resolution of the merits of an action." *Callahan*, 17 F.4th at 1363 (internal citation and quotations omitted). The documents at issue here are both exhibits in support of Plaintiff's response to a summary judgment motion, which are "judicial records" presumed to be open to the public.

A party seeking to have judicial records sealed can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents. Indeed, a court should consider whether the

3

records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

While, generally, materials containing proprietary or trade secret information may be permissibly filed under seal, the party seeking that relief must first justify why they should be sealed. *BASF Corp. v. SNF Holding Co.,* 2019 WL 3554699, at *5 (S.D. Ga. Aug. 5, 2019). This requires "particularized reasons as to why specific information contained in supporting exhibits warrant[s] sealing." *Id.*

All that Plaintiff offers in support of his request is that "[b]oth of these documents have been designated by the Defendants as 'confidential,' and Plaintiff is filing this motion out of an abundance of caution." Doc. 97 at 1. That is simply not enough to satisfy the good

4

cause necessary to seal the documents. *See Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (finding that parties "do not have the right to agree to seal what were public records."). While the information contained in the two exhibits at issue may be subject to protection, without more detailed argument addressing the specific information at issue in each exhibit, the Court cannot determine what should be sealed and what should not. Therefore, Plaintiff's motion to seal is **DENIED, without prejudice**. Doc. 97. If he wishes to renew his motion to file these documents under seal, that renewed motion must contain the particularized analysis required for that relief as to each document he contends should be sealed. He is **DIRECTED** to file his renewed motion within fourteen days of the date of this Order. Alternatively, should either Defendant wish to move to seal these documents, they may do so within that same fourteen-day period.

**SO ORDERED,** this 11th day of February, 2022.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA