UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| FRANK M. BARNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-173 |
| | ) | |
| GREGORY T. PETERS. M.D., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## TRIAL PREPARATION SCHEDULING ORDER

Following a January 19, 2023 status conference, the Court issues the following deadlines in anticipation of the trial in this case, which is set to begin on October 16, 2023. As discussed at the conference, the Court will hold the trial in the Statesboro Division of the United States District Court for the Southern District of Georgia. *See* S.D. Ga. L. Civ. R. 2.3 ("By Order of the Court, any civil action may be transferred for trial to any other place or division within the district."). The Court will empanel an eight-member jury drawn from the Statesboro Division.

| | |
|---|---|
| **Deadline for filing witness lists, exhibit lists, and motions *in limine*** | June 2, 2023 |

1

| | |
|---|---|
| **Deadline for objections to exhibit lists, and responses to motions *in limine*** | June 16, 2023 |
| **Deadline for responses to objections to exhibit lists, and replies supporting motions *in limine*** | June 30, 2023 |
| **Deadline for conducting depositions for use at trial** | September 1, 2023 |
| **Deadline for filing *voir dire* questions, proposed jury charges, deposition designations, and joint proposed verdict form**[1] | September 8, 2023 |
| **Deadline for objections to *voir dire* questions, proposed jury charges, and deposition designations** | September 15, 2023 |
| **Deadline for responses to objections to *voir dire* questions, proposed jury charges, and deposition designations** | September 22, 2023 |
| **Deadline for filing consolidated proposed pretrial order**[2] | September 29, 2023 |
| **Pretrial conference** | October 10, 2023 |

---

[1] To the extent the parties are unable to agree upon a proposed verdict form, they are **DIRECTED** to file their respective proposed verdict forms by September 8, 2023.

[2] The proposed pretrial order form will be provided to the parties via email from the undersigned's Courtroom Deputy Clerk.

Counsel for all parties are **DIRECTED** to read the Court's "General Trial Instructions and Procedures for Judge Ray's Civil Cases", which will be provided via email from the undersigned's Courtroom Deputy Clerk. It is the Court's experience that the administration of justice is better served when all motions *in limine,* complex objections, and exhibit and deposition designations and objections thereto are resolved well in advance of trial. Thus, absent an extraordinary showing, the Court will not allow such issues to be raised after the deadlines imposed in this Order. The Court will provide forms for the parties' witness lists, deposition designations, exhibit lists, and proposed pretrial order via email. The parties are **DIRECTED** to submit any witness lists, deposition designations, exhibit lists, and proposed pretrial orders using these forms.

The Court discourages filing of form motions *in limine* or motions about issues the other parties do not dispute. Therefore, it is **ORDERED** that, prior to filing any motion *in limine*, the moving party must confer, either telephonically or in person, with the opposing party (or parties) regarding each and every request to be raised in the motion *in limine* that relates to that party (or parties). During such conference, the parties

shall undertake a sincere, good faith effort to reach an agreement regarding the specific request and how the issue will be handled at the trial of the case. When filing a motion *in limine,* the filing party must certify that the conference was conducted (or that a good faith effort to conduct the conference was made) and must also state whether the opposing party objects or consents (in whole or in part) to the specific request.[3]

Similarly, to avoid any unnecessary expenditure of time and resources by the Court and the parties, it is **ORDERED** that, prior to filing objections to another party's proposed exhibits, deposition designations, *voir dire* questions, or proposed jury charges, the objecting party must confer with the proposing party (or parties) regarding each and every objection the party intends to raise. During such conference, the parties shall undertake a sincere, good faith effort to reach an agreement regarding the objected-to exhibits, designations, questions, or charges. When filing any objections, the objecting party must certify that the conference was conducted (or that a good faith effort to conduct the

---

[3] It is the Court's expectation that this will eliminate the filing of form motions *in limine* and motions that have no bearing on the specific facts of this case.

conference was made) and must also state whether the parties reached any agreement regarding the objected-to exhibits, designations, questions, or charges.

**SO ORDERED**, this 24th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA